IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. STITH,         )<br>                                          )<br>              Petitioner,           )<br>                                          )<br>     v.                                   )<br>                                          )<br>                                          )<br>PAUL SCHULTZ,              )<br>                                          )<br>              Respondent.        )<br>_____) | CV F 04-5711 AWI WMW HC<br><br>FINDINGS AND<br>RECOMMENDATIONS RE<br>PETITION FOR WRIT OF<br>HABEAS CORPUS |

Petitioner is a federal prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**BACKGROUND**

A disciplinary hearing concerning Petitioner was held on May 19, 2004, regarding events that occurred on December 10, 2002. During the hearing, the Disciplinary Hearing Officer considered documentary evidence as well as Petitioner's statements. At the conclusion of the hearing, the Disciplinary Hearing Officer concluded that Petitioner had

committed the charged misconduct of assault and with the use of a weapon. The violations were both considered to be of greatest severity and the Disciplinary Hearing Officer imposed the following sanctions: 1) disallowance of 80 days Good Conduct Credit; 2) 120 days disciplinary segregation; 3) loss of telephone privileges for 180 days; and 4) loss of visitation privileges for one year.

Petitioner now challenges the outcome of the prison disciplinary proceeding.

## STANDARD

Under the Fourteenth Amendment to the United States Constitution, no state shall deprive any person of life, liberty, or property without due process of law. Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

A prisoner in a prison disciplinary hearing is not entitled to the full array of due process rights that a defendant possesses in a criminal prosecution. Id. at 556. However, a prisoner who is accused of serious rules violations and who may be deprived of his or her good-time credits is entitled to certain minimum procedural protections. Id. at 571-71 n. 9.

The process due in such a prison disciplinary hearing includes: (1) written notification of the charges; (2) at least a brief period of time after the notice to prepare for the hearing; (3) a written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action; (4) the inmate facing the charges should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564, 566, 570.

In addition, a decision to revoke an inmate's good-time credit does not comport with minimum procedural due process requirements unless its underlying findings are supported by "some evidence." Superintendant v. Hill, 472 U.S. 445, 454 (1985). The U.S. Supreme Court has held that "ascertaining whether this standard is satisfied does not require

examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56. The Ninth Circuit has further held that there must be "some indicia of reliability of the information that forms the basis for prison disciplinary actions." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (uncorroborated hearsay statement of confidential informant with no firsthand knowledge is not enough evidence to meet Hill standard.)

**DISCUSSION**

In challenging the outcome of the prison disciplinary proceeding, Petitioner contends that he is actually innocent of the prohibited acts of assault and possession of a weapon. Petitioner claims that he was only involved in a simple fist fight and that he was not served with an incident report within three working days from the time the staff became aware of the fight. He states that he did not receive an incident report until April 24, 2003, some four months after the incident, and after he had been transferred to another prison.

Petitioner's claim that he did not receive an incident report in a timely manner relies on various time frames which "ordinarily" apply in the prison discipline process, and are expressly subject to exceptions "as provided in the rules." Exhibit D to Respondent's Answer. Thus, it is not clear whether a violation of the rules governing prison disciplinary procedures actually occurred in this case. But, even assuming that such a violation occurred, this does not establish a Constitutional violation. The minimum due process protections afforded a prisoner under Wolff include written notification of the charges and at least a brief period of time after the notice to prepare for the hearing, but do not include notification of charges within any specific time period. Accordingly, Petitioner's claim that he did not receive an incident report within three days provides no basis for habeas corpus relief.

Petitioner's contention that he is actually innocent of the charges is based on the claim that he was "only involved in a simple fist fight," and that no weapon was involved.

Petitioner supports this claim with the declaration of the victim of the assault.

To survive Constitutional scrutiny, the evidence supporting a decision by prison officials need only have some basis in fact and some indication of reliability. <u>Jancsek v. Oregon Bd. Of Parole</u>, 833 F.2d 1389, 1390 (9th Cir. 1987).  As Respondent argues, there is more than ample evidence here to support the finding that Petitioner both committed the assault and possessed a weapon.  As to the assault, Petitioner admits that he was in a fight and hit the victim in the face.  Further, there is no question that the assault resulted in serious physical injury to the victim.  This conduct clearly constitutes assaulting a person under 28 C.F.R. § 541.13, Table 3, Code 101.

There is also substantial evidence that Petitioner possessed a sharpened weapon.  The medical reports received and reviewed by the Disciplinary Hearing Officer showed that the victim's injury could not have been caused by a fist, as Petitioner asserts.  Rather, the medical reports indicate that the injuries could only have been produced by a sharpened instrument.  Exhibit C to Respondent's Answer, 2-3.  Accordingly, Petitioner's claim that he is factually innocent of the charges provides no basis for habeas corpus relief.

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED and that judgment be entered for Respondent.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by

mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** __August 23, 2006__        __/s/ William M. Wunderlich__
mmkd34                                            UNITED STATES MAGISTRATE JUDGE